UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KENNETH DESCOTEAUX,**

**Petitioner,**

**v.**                                                    **Case No.  5:23-cv-358-CEM-PRL**

**WARDEN, FCC COLEMAN-
LOW,**

**Respondent.**
_____/

## ORDER

THIS CAUSE is before the Court on Kenneth Descoteaux's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his sentence, alleging that the Western District of Washington did not have jurisdiction over his criminal case. Petitioner claims that his indictment in the Western District of Louisiana was untimely, therefore the Western District of Washington did not have jurisdiction when the case was transferred there. For the reasons set forth below, the Petition will be denied.

## I.    BACKGROUND

Petitioner is a federal inmate incarcerated at the Coleman Federal Correctional Complex within this District and Division. On April 28, 2016, Petitioner was charged by complaint in the Western District of Washington with one count of

aggravated sexual abuse of a minor. *United States v. Descoteaux*, No. 16-cr-5246-BHS (W.D. Wash.) ("2016 Case"). He was arrested in Wyoming the same day. *See* Case No. 3:18-cv-5325-BHS (W.D. Wash.) ("Civil Case") at Doc. 47. On May 25, 2016, Petitioner was charged by indictment with three counts of aggravated sexual abuse of a child, one count of abusive sexual conduct with a child, and one count of assault. *See* Civil Case, Doc. 47. On June 9, 2016, Petitioner was indicted by a grand jury sitting in the Western District of Louisiana, Lake Charles Division. *See United States v. Descoteaux*, No. 16-cr-141-JDC-KK (W.D. La.) ("La. Case"). The Louisiana indictment charged Petitioner with two counts of aggravated sexual abuse of a child, two counts of indecent behavior with a juvenile, and one count of aggravated assault. (Civil Case, Doc. 47 at 2).

Petitioner's appointed counsel negotiated a plea agreement to transfer the Louisiana indictment to the Western District of Washington, pursuant to Federal Rule of Criminal Procedure 20, in anticipation of a joint resolution of the charges then pending in two districts. (Civil Case, Doc. 47 at 3). In February 2017, the Louisiana charges were transferred to the Western District of Washington, and opened in a new case as *United States v. Descoteaux*, No. 17-cr-5074-BHS (W.D. Wash.) ("2017 Case"). (Civil Case, Doc. 47 at 3). Petitioner received new appointed counsel, and ultimately entered a negotiated plea of guilty to one count from each indictment, specifically, abusive sexual contact with a child in violation of 18 U.S.C.

§§ 2244(a)(5), 2246(3), and 7 (Count 4 of the Washington indictment) and indecent behavior with a juvenile in violation of 18 U.S.C. §§ 7 and 13, and Louisiana Revised Statute §§ 14.81(A)(1) and (H)(2) (Count 3 of the Louisiana indictment). (Civil Case, Doc. 47 at 3–4). The Government dismissed the remaining counts from both indictments. *Id.* at 4. Petitioner was sentenced to 276 months to run concurrently on each charge. *Id.*

Petitioner filed a § 2255 motion asserting claims of ineffective assistance of counsel and attacking the voluntariness of his plea. *See* Civil Case, Doc. 1. The Court denied the motion in part but also granted an evidentiary hearing for two of the ineffective assistance of counsel claims. (Civil Case, Doc. 18). Following the evidentiary hearing, the Court denied the remaining claims. (Civil Case, Doc. 47).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan*, 851 F.3d at 1079. "*McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, *e.g.*, the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. Feb. 18, 2020) (internal citations omitted).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. In the present case, the Court does not have subject matter jurisdiction over Petitioner's claims because he is not entitled to relief under § 2241. Petitioner challenges the validity of his convictions and sentence, not the execution of his sentence, and therefore he cannot avail himself of the savings clause under § 2255(e).

### III.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk of Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 27, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party